**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CARMEN MICHELE
VALGUARNERA,**

                         **Plaintiff,**                     **1:11-cv-1330
(GLS)**

                v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

                        **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Irwin M. Portnoy & Associates, PC | IRWIN M. PORTNOY, ESQ. |
| 542 Union Avenue | |
| New Windsor, NY 12550 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | KATRINA M. LEDERER |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Carmen Michele Valguarnera challenges the Commissioner of Social Security's denial of her claim for Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Valguarnera's arguments, the court reverses and remands the Commissioner's decision.

## II. Background

On December 29, 2006, Valgaurnera filed an application for DIB under the Social Security Act ("the Act"), alleging disability since June 30, 2006. (*See* Tr.[1] at 144-50.) After her application was denied, (*see id.* at 89-96), Valgaurnera requested a hearing before an Administrative Law Judge (ALJ), which was held on February 20, 2009, (*see id.* at 43-69, 97-98). On April 2, 2009, the ALJ issued a decision denying the requested benefits. (*See id.* at 71-81.) Upon review by the Social Security Administration Appeals Council, the matter was remanded to the ALJ with specific instructions for his consideration. (*See id.* at 82-85.) A second

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 9.)

2

hearing was conducted before the ALJ on February 4, 2011, and another unfavorable decision followed on March 24, 2011. (*See id.* at 12-26, 27-42.) That decision became the Commissioner's final determination upon the Appeals Council's denial of review. (*See id.* at 1-6.)

Valgaurnera commenced the present action by filing her Complaint on November 9, 2011 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 8, 9.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 17, 20.)

### III. **Contentions**

Valgaurnera contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 17 at 16-26.) Specifically, Valgaurnera claims that: (1) "[t]he ALJ failed to combine the effects of [her] impairments;" (2) her depression was not combined with her other impairments, and the ALJ misapplied relevant case law and regulations regarding her depression; (3) the ALJ erred by not completing a function by function assessment; (4) "[t]he ALJ failed to obtain evidence from a [m]edical [a]dvisor to determine whether [her]

3

impairments at least equaled the Listings of Impairments"; (5) her credibility was improperly evaluated; and (6) the ALJ wrongly evaluated her ability to perform past work. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is supported by substantial evidence. (*See* Dkt. No. 20 at 4-12.)

## IV. Facts

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 17 at 1-14; Dkt. No. 20 at 1.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-3 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

Among several other arguments, Valguarnera first asserts that the ALJ failed to consider or evaluate the combined effects of all of her

4

impairments, including those that are not severe. (*See* Dkt. No. 17 at 16-18.) In particular, Valguarnera contends that the ALJ overlooked several diagnosed ailments—namely, Chiari I malformation, trigger finger, and neural foraminal stenosis at C6/7—and did not consider them at any point during the sequential evaluation process. (*See id.* at 17-18.) The Commissioner argues in opposition that, because none of the impairments that the ALJ failed to discuss caused demonstrable symptoms or "functional limitations severe enough to preclude . . . substantial gainful activity," he did not commit error. (Dkt. No. 20 at 8.) The court agrees with Valguarnera that remand is necessary.

At step two, the ALJ must "determine whether the claimant has a severe impairment." *Christiana*, 2008 WL 759076, at *3; *see* 20 C.F.R. § 404.1520(a)(4)(ii), (c). The omission of an impairment at step two may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in his residual functional capacity determination. *See Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952, at *4 (N.D.N.Y. Feb. 7, 2012); *see also Plante v. Astrue*, No. 2:11-CV-77, 2011 WL 6180049, at *4 (D. Vt. Dec. 13, 2011).

Here, it is not clear if the ALJ was even aware that Valguarnera had

been diagnosed with the aforementioned impairments, (*see, e.g.*,Tr. at 294, 328, 350, 393),[2] as his decision is devoid of any mention of them, (*see id.* at 15-22). It is also noteworthy that each of the undiscussed impairments could contribute to some of the symptoms complained of by Valguarnera. (*See id.* at 33, 53, 55.) In particular, Chiari I malformation is capable of producing neurological deficits, including muscle weakness;[3] trigger finger may cause issues with dexterity;[4] and neural foraminal stenosis can cause pain, tingling, and weakness.[5] Because the ALJ failed, at any step of the sequential evaluation process, to address the foregoing impairments and whether they are singularly or in combination disabling, remand is

---

[2] While not raised by Valguarnera, the court notes that Dr. Lydia Shajenko also identified likely carpal tunnel syndrome, which resulted in hand numbness. (*See* Tr. at 327-28.)

[3] *See Chiari Malformation Information Page*, National Institute of Neurological Disorders and Stroke, http://www.ninds.nih.gov/disorders/chiari/chiari.htm (last visited Nov. 1, 2012).

[4] *See Trigger Finger*, MayoClinic.com, http://www.mayoclinic.com/health/trigger-finger/DS00155 (last visited Nov. 1, 2012).

[5] Jamie Herndon, *What is Neural Foraminal Stenosis?*, LIVESTRONG.COM, http://www.livestrong.com/article/45337-neural-foraminal-stenosis (last visited Nov. 1, 2012).

6

necessary. *See Jones v. Astrue*, No. 5:11-cv-372, 2012 WL 2206384, at *2 (N.D.N.Y. June 14, 2012). Finally, because Valguarnera's remaining contentions relate to purported errors at later stages of the sequential analysis, the court need not address them. *See Christiana*, 2008 WL 759076, at *3.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 28, 2012
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court